[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2006
THOMAS K. KAHN
CLERK

No. 05-13128
Non-Argument Calendar
_____

D. C. Docket No. 97-01915-CV-JLK

MICHAEL PEREZ,

Plaintiff-Appellant
Cross-Appellee,

versus

MIAMI-DADE COUNTY,

Defendant-Appellee
Cross-Appellant,

WILLIAM ALLSBURY,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(June 29, 2006)**

Before BARKETT and WILSON, Circuit Judges, and CONWAY*, District Judge.

_____
* Honorable Anne C. Conway, United States District Judge for the Middle District of Florida,
sitting by designation.

PER CURIAM:

Michael Perez appeals the district court's award of costs to Miami-Dade County ("County") after the district court granted summary judgment in the County's favor. Perez makes the following arguments on appeal. First, he contends that the County failed to comply with the rules of the district court when it failed to timely file any document in support of its initial motion to tax costs and by failing to support its request with particularity. Second, Perez claims that the district court awarded thousands of dollars of costs not permitted pursuant to 28 U.S.C. § 1920. Finally, he argues that the district court's grant of summary judgment in the underlying appeal should be reversed, and therefore, the district court's award of costs to the County should be vacated.

The County argues that the district court's award of costs should be affirmed. However, the County cross-appeals the district court's determination of the award, claiming that the district court employed the incorrect standard in denying the award of the trial transcript and two deposition transcripts. The County concedes, however, that if we reverse summary judgment in the underlying appeal, the award of costs should be vacated.

Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the

court otherwise directs."  "Absent a contrary legislative directive, a 'prevailing party' is one who prevails on 'any significant issue' and thereby achieves some of the benefits sought by bringing suit."  *Loggerhead Turtle v. County Council of Volusia County, Fla.*, 307 F.3d 1318, 1323 n.4 (11th Cir. 2002) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92, 109 S. Ct. 1486, 1493, 103 L. Ed. 2d 866 (1989)).

Here, we reversed the district court's grant of summary judgment in favor of the County in the underlying substantive appeal.  *Perez v. Miami-Dade County*, No. 05-10261 (11th Cir. Feb. 17, 2006) (per curiam).  This being the case, the County is no longer the prevailing party for purposes of Federal Rule of Civil Procedure 54(d).  Therefore, we vacate the district court's award of costs in favor of the County.

**VACATED.**